IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

SHEA LaROSE
269 MOONLIGHT LANE
MARTINSBURG, WV 25404,
    PLAINTIFF

VS.

U.S. DEPARTMENT OF ENERGY
1000 INDEPENDENCE AVENUE, S.W.
WASHINGTON, DC 20585,
    DEFENDANT.

3:22-cv-46 (GROH)

ELECTRONICALLY FILED
3/21/2022
U.S. DISTRICT COURT
Northern District of WV

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

## INTRODUCTION

1. In this action, Plaintiff, a former employee of Golden Services, LLC, an agent of Defendant providing security services to Defendant, challenges Defendant's failure to make a substantive response to a request for records and ongoing unlawful withholding of records in violation of the Freedom of Information Act, 5 U.S.C. § 552, as amended ("FOIA"), or alternatively, the Administrative Procedure Act, 5 U.S.C. §§ 701-06 ("APA").

2. Plaintiff submitted two (2) FOIA requests dated September 7, 2021 and October 25, 2021 to Defendant ("FOIA Request") seeking a true and complete copy of Plaintiff's personnel file. See Exhibit 1 and Exhibit 2.

3. Defendant received Plaintiff's September 7, 2021 request. By email dated September 22, 2021, Defendant requested additional written authorizations which were provided with the October 25, 2021 follow up request. See Exhibit 2 and Exhibit 3.

4. Defendant failed to make a determination on the Plaintiff's FOIA Request within 20 business days following its receipt of the requests. As of the filing of this Complaint, Plaintiff has received no response to its follow-up inquiry, no determination regarding its FOIA Request, no estimated date on which Defendant will

complete action on the Plaintiff's FOIA Request, and no responsive record. Defendant's failure to respond violates FOIA.

5. Prompt access to the records responsive to the Plaintiff's FOIA Request is necessary in relation to ongoing criminal prosecutions in which Plaintiff is the victim and anticipated civil litigation. Plaintiff therefore seeks declaratory relief establishing that Defendant has violated FOIA, or alternatively, the APA. Plaintiff also seeks injunctive relief directing Defendant to make a determination regarding Plaintiff's FOIA Request, to produce any agency records improperly withheld from Plaintiff, and to provide Plaintiff with an estimated date on which the agency will make a final determination on Plaintiff's FOIA Request, as required pursuant to FOIA.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331 because this action arises under FOIA, the APA, and the Declaratory Judgement Act, 28 U.S.C. §§ 2201-2202.

7. Venue properly vests in this Court pursuant to 5 U.S.C. § 552(a)(4)(B), which provides venue for FOIA cases in the district in which the complainant resides.

8. Declaratory relief is appropriate under 28 U.S.C. § 2201.

9. Injunctive relief is appropriate under 28 U.S.C. § 2202 and 5 U.S.C. §552(a)(4)(B).

## PARTIES

10. Plaintiff, a resident of Martinsburg, Berkeley County, West Virginia, is a private citizen who has been the victim of crimes being actively prosecuted in Berkeley County, West Virginia.[1] Plaintiff anticipates the filing of a civil suit against the perpetrators of crimes against Plaintiff and, perhaps against others. Plaintiff's personnel file at issue is an important part of Plaintiff's interests referenced above.

---

[1] State of WV v. Taylor Widmer, Berkeley County Magistrate Court Case No. 21-M-01722; State of WV v. Joshua Derda, Berkeley County Magistrate Court Case No. 21-M-01721.

11. Defendant U.S. Department of Energy is an independent agency of the executive branch of the U.S. government. Defendant, and/or its agent, are in possession and control of the records that Plaintiff seeks, and as such, it is subject to FOIA pursuant to 5 U.S.C. § 552 (f).

## STATUTORY BACKGROUND

12. FOIA imposes strict and rigorous deadlines on federal agencies when they receive a request for records pursuant to FOIA. Specifically, an agency must determine whether to disclose responsive records and notify the requester of its determination within 20 working days of receiving a FOIA request. *Id.* § 552(a)(6)(A). It must also make the responsive records "promptly" available, unless it can establish that certain unusual circumstances are present and/or that it may lawfully withhold records, or portions thereof, from disclosure. *Id.* § 552(a)(6). Additionally, within 20 working days, the agency must inform the requester that it has a right to appeal the agency's determinations. *Id.* § 552(a)(6)(A)(i)(III)(aa).

13. FOIA places the burden on the agency to prove that it may withhold responsive records from a requester. *Id.* § 552(a) (4)(B).

14. Congress has specified limited circumstances in which federal agencies may obtain more time to make the determination that is required by *Id.* § 552(a)(6)(A)(I).

15. First, an agency may toll the 20-working-day deadline to seek additional information or clarification from a requester, but that tolling period ends when the agency receives such information or clarification. *Id.* § 552(a)(6)(A)(ii).

16. Second, an agency may extend the 20-working-day deadline for an additional 10 working days by giving written notice to the requestor that sets forth "unusual circumstances" to justify a deadline extension, which also requires that it provide the date by which the agency expects to make the determinations. *Id.* § 552(a)(6)(B)(I). However, to invoke such "unusual circumstances," the agency must provide the requestor with "an opportunity to limit the scope of the request so that it may be processed within [20 working days] or an

opportunity to arrange with the agency an alternative time frame for processing the request or a modified request." *Id.* § 552(a)(6)(B)(ii). In addition, when asserting unusual circumstances, the agency "shall make available its FOIA Public Liaison" to "assist in the resolution of any disputes between the requester and the agency." *Id.*

17. FOIA requires each agency to make reasonable efforts to search for records in a manner that is reasonably calculated to locate all records that are responsive to the FOIA request. *Id.* § 552(a)(3)(C)-(D).

18. FOIA requires federal agencies to promptly and expeditiously disclose requested records, *see id.* § 552, and mandates a policy of broad disclosure of government records. Any inquiry under FOIA brings with it a strong presumption in favor of disclosure.

19. Congress recognized that in certain, limited instances, records may be withheld as exempt from FOIA's broad disclosure mandate, and thus it created nine categories of exemptions. *Id.* § 552(b). These exemptions, however, are narrowly construed in light of FOIA's dominant objective of disclosure, not secrecy.

20. The U.S. District Courts have jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." *Id.* 552(a)(4)(B).

21. Alternatively, an agency's response to a FOIA request and/or a FOIA appeal is subject to judicial review under the APA, which confers a right of judicial review on any person who is adversely affected by agency action, 5. U.S.C. § 702, and authorizes district courts to compel agency action that is unlawfully withheld or unreasonably delayed. *Id.* § 706(1). District courts must set aside any agency action that is found to be "arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law." *Id.* § 706(2)(A).

## FACTUAL BACKGROUND
### September 7, 2021 FOIA Request

22. On September 7, 2021, Plaintiff submitted its FOIA request by Certified U.S. Mail. Plaintiff requested his personnel file as detailed in the request. See Exhibit 1.

23. Defendant acknowledged Plaintiff's request by email dated September 22, 2021. Defendant requested additional written authorization in support of the request which was provided on October 25, 2021. See Exhibit

24. At no point did Defendant state that it had gathered and reviewed the documents responsive to the Plaintiff's request, that it had determined the scope of the documents it intended to produce or withhold, or the reasons for any such withholdings. Neither did it provide a specific assertion of "unusual circumstances" that would delay a determination on the Plaintiff's request, nor did it include an estimated date of completion. Defendant also failed at that time to produce any records responsive to the Plaintiff's FOIA Request.

25. At the time this complaint was filed, Defendant has not responded to the Plaintiff's October 25, 2021 follow up request, made a determination regarding Plaintiff's FOIA Request, provided any responsive documents, or provided an estimate date on which it will complete action on the Plaintiff's FOIA Request.

### FIRST CLAIM FOR RELIEF
### VIOLATION OF THE FREEDOM OF INFORMATION ACT

#### Defendant Missed FOIA's Mandatory Determination Deadline for Plaintiff's September 7, 2021 FOIA Request

26. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

27. Plaintiff has a statutory right to a final determination from Defendant on its FOIA Request in a manner that complies with FOIA. Defendant has violated the Plaintiff's rights in this regard by unlawfully delaying its response beyond the deadline that FOIA mandates. 5 U.S.C. § 552(a)(6)(A)(i).

28. Plaintiff's ability to aid the prosecution of crimes committed against Plaintiff and potential civil litigation arising therefrom will be adversely affected if Defendant is allowed to continue violating FOIA's decision deadlines as it has in this case.

29. Unless enjoined and made subject to a declaration of the Plaintiff's legal rights by this Court,

Defendant will continue to violate the Plaintiff's rights to receive public records under FOIA.

30. Plaintiff is entitled to reasonable costs of litigation and attorney fees pursuant to FOIA. 5 U.S.C. § 552(a)(4)(E).

## SECOND CLAIM FOR RELIEF
## VIOLATION OF THE FREEDOM OF INFORMATION ACT

### Defendant's Failure to Timely Produce Records Responsive to Plaintiff's FOIA Request

31. Plaintiff re-alleges and incorporations by reference the allegations made in all preceding paragraphs.

32. Defendant is required, upon receipt of a request for records from a requester, to make responsive records promptly available unless they may be withheld under one of FOIA's narrow exemptions. 5 U.S.C. § 552(a)(3)(A), (b).

33. Plaintiff, through its FOIA Request, properly asked for records within Defendant's control.

34. Defendant has not produced any records responsive to Plaintiff's FOIA Request.

35. As of the date on which the Plaintiff filed this action, Defendant has not claimed that any exemptions apply to the Plaintiff's FOIA request.

36. Defendant violated FOIA and Defendant's implementing regulations for FOIA by failing to make responsive records promptly available.

37. Unless enjoined and made subject to a declaration of Plaintiff's legal rights by this Court, Defendant will continue to violate Plaintiff's rights to receive public records under FOIA.

38. Plaintiff is entitled to reasonable costs of litigation and attorney fees pursuant to FOIA. 5 U.S.C. § 552(a)(4)(E).

## THIRD CLAIM FOR RELIEF
## VIOLATION OF THE FREEDOM OF INFORMATION ACT

### Defendant Failed to Provide Plaintiff with an Estimated Date of Completion on Which Defendant Will

<u>Complete Action on the FOIA Request</u>

39. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

40. Defendant is statutorily required to provide Plaintiff with an estimated date on which Defendant will complete action on Plaintiff's FOIA Request. 5 U.S.C. § 552 (a)(7)(B)(ii).

41. Defendant violated Plaintiff's rights in this regard when it unlawfully failed to provide an estimated date on which it would complete action on the Plaintiff's FOIA Request.

42. Unless enjoined and made subject to a declaration of the Plaintiff's legal rights by this Court, Defendant will continue to violate the Plaintiff's rights to receive public records under FOIA.

43. Plaintiff is entitled to reasonable costs of litigation and attorney fees pursuant to FOIA. 5 U.S.C. § 552(a)(4)(E).

<u>FOURTH CLAIM FOR RELIEF
VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT
(In the Alternative to the First through Third Claims)</u>

<u>Defendant Unlawfully Withheld or Unreasonably Delayed Actions That FOIA Requires</u>

44. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

45. Defendant unlawfully withheld agency action by failing to comply with the mandates of FOIA consequent to its failure and refusal to (1) make a timely and lawful determination on the Plaintiff's FOIA Request; (2) timely produce records responsive to the Plaintiff's FOIA Request; and (3) provide Plaintiff with an estimated date on which Defendant would complete action on the Plaintiff's FOIA Request. Defendant's failures constitute agency actions that are unlawfully withheld, and therefore, these actions are actionable pursuant to the APA. 5 U.S.C. § 706(1).

46. Alternatively, Defendant unreasonably delayed agency action by failing to comply with the

mandates of FOIA consequent to its failure and refusal to (1) make a timely and lawful determination on the Plaintiff's FOIA Request; (2) timely produce records responsive to the Plaintiff's FOIA Request; and (3) provide the Plaintiff with an estimated date on which EPA would complete action on the Plaintiff's FOIA Request. Defendant's failures constitute agency action unreasonably delayed and therefor are actionable pursuant to the APA. 5 U.S.C. § 706(1).

47. As alleged above, Defendant's failure to comply with the mandates of FOIA has injured the Plaintiff's interests encouraging prosecution of crimes committed against Plaintiff.

48. Plaintiff has suffered a legal wrong as a result of Defendant's failure to comply with the mandates of FOIA. As alleged above, Defendant violated its statutory duties under the APA and injured the Plaintiff's interests.

49. Plaintiff has no other adequate remedy at law to redress the violations noted above.

50. Plaintiff is entitled to judicial review under the APA, 5 U.S.C. § 702.

### FIFTH CLAIM FOR RELIEF
### VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT
### (In the Alternative to the First through Third Claims)

#### Defendant's Violations of FOIA's Requirements Are Arbitrary, Capricious, an Abuse of Discretion, or Otherwise Not In Accordance with Law

51. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

52. Defendant violated FOIA's statutory mandates due to its failure and refusal to (1) make a timely and lawful determination on the Plaintiff's FOIA Request; (2) timely produce records responsive to the Plaintiff's FOIA Request; and (3) provide the Plaintiff with an estimated date on which Defendant would complete action on the Plaintiff's FOIA Request. By repeatedly violating FOIA's statutory mandates, Defendant's action are arbitrary, capricious, an abuse of discretion, or not in accordance with the law and therefore are actionable

pursuant to the APA. 5 U.S.C. § 706(2)(a).

53. As alleged above, Defendant's repeated failure to comply with the mandates of FOIA has injured the Plaintiff's interests and is in violation of the agency's statutory duties under the APA.

54. Plaintiff has no other adequate remedy at law to redress the violations noted above.

55. Plaintiff is entitled to judicial review under the APA. 5 U.S.C. § 702.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

1. Order Defendant to make a determination regarding Plaintiff's FOIA Request.

2. Order Defendant to provide Plaintiff with an estimate date on which it will complete action on Plaintiff's Request.

3. Order Defendant to make the records responsive to Plaintiff's FOIA Request promptly available by a date certain.

4. Retain jurisdiction to ensure that Defendant provides Plaintiff, by a date on which all Parties and the Court can agree, all the responsive records and the reasonably segregable portions of any lawfully exempt records sought in this action.

5. Declare that Defendant's failures to (1) make a timely and lawful determination on the Plaintiff's FOIA Request; (2) timely produce records responsive to the Plaintiff's FOIA Request; and (3) provide Plaintiff with an estimated date on which Defendant would complete action on Plaintiff's FOIA Request, as alleged above, are unlawful under FOIA, 5 U.S.C. § 552, or in the alternative, are agency actions that have been unlawfully withheld or unreasonably delayed, 5 U.S.C. § 706(1), or are arbitrary, capricious, an abuse of discretion, or note in accordance with law, 5 U.S.C. § 706(2).

6. Award Plaintiff its costs and reasonable attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E) or 28 U.S.C. § 2412.

7. Grant such other and further relief as the Court may deem just and proper.

Dated: 03/21/2022

Respectfully submitted,

*Paul G. Taylor*

Paul G. Taylor
134 West Burke Street
Martinsburg, WV 25401
(304) 263-7900
taylorpaulg@aol.com
Attorney for Plaintiff